```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                  :
                                                        :          Chapter 11
THE CONNAUGHT GROUP, LTD.,                              :          Case No.: 12-10512 (SMB)
et al.,                                                 :          Substantively Consolidated
                                                        :
                                                        :
                    Debtors.                            :
-------------------------------------------------------X
MARTINA SCHUMAN, on behalf of                           :
herself and all others similarly situated,              :
                                                        :
                                                        :
                    Plaintiff,                          :
                                                        :
        – against –                                     :          Adv. Proc. No. 12-01051 (SMB)
                                                        :
THE CONNAUGHT GROUP, LTD.,                              :
                                                        :
                    Defendant.                          :
-------------------------------------------------------X
```

**MEMORANDUM DECISION AND ORDER
GRANTING MOTION FOR SANCTIONS**

**A P P E A R A N C E S :**

OUTTEN & GOLDEN LLP
Attorneys for Plaintiff
3 Park Avenue, 29th Floor
New York, NY 10016

    Jack A. Raisner, Esq.
    René S. Roupinian, Esq.
        Of Counsel

LOWENSTEIN SANDLER PC
Attorneys for Defendant
1251 Avenue of the Americas, 18th Floor
New York, NY 10020

    Bruce Buechler, Esq.
    Shirley Dai, Esq.
        Of Counsel

**STUART M. BERNSTEIN
United States Bankruptcy Judge:**

The plaintiff filed this adversary proceeding on behalf of herself and all other similarly situated persons asserting claims under the Federal Workers Adjustment and Retraining Notification Act (the "WARN Act"), and the New York State WARN Act. The Court entered a scheduling order that, among other things, required the plaintiff to make her class certification motion by a specified date. The plaintiff failed to make a motion by the deadline, and the defendant moved to dismiss this adversary proceeding and for an award of reasonable expenses and attorneys' fees as sanctions. For the reasons that follow, the motion is granted to the extent of requiring plaintiff's counsel to pay the defendant's reasonable expenses, including attorneys' fees and costs, and is otherwise denied.

## BACKGROUND

The debtors filed these chapter 11 cases on February 9, 2012, and the plaintiff commenced this putative class action adversary proceeding five days later. The parties subsequently entered into a stipulation which the Court "so ordered," staying the action for 90 days to allow counsel to discuss the financial condition of the debtors' estates. (*See Stipulation and Order Staying Proceedings of WARN Act Adversary Without Prejudice*, dated Mar. 16, 2012 (ECF Doc. # 5).)

After the stay expired, the Court conducted a pre-trial conference on July 26, 2012. At that time, the parties presented the Court with a stipulated scheduling order, which the Court approved. (*See Stipulation and Scheduling Order*, dated July 26, 2012 ("*Scheduling Order*") (ECF Doc. # 13).) The *Scheduling Order* provided, *inter alia*, that "[a]ny motion to certify a class ('Class Motion') shall be filed on or before October 12, 2012," (*id.* at ¶ 2), and concluded with the following admonition:

> The deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown. Failure to comply with the deadlines set forth in this Order may result in sanction [*sic*], including but not limited to entry of judgment against the non-complying party.

(*Id.* at ¶ 10.)

The parties continued to engage in informal discovery. It appears from the e-mails attached to the motion papers that the plaintiff wanted information regarding the scope of the putative class with the ultimate goal of reaching a consensual resolution. The process was apparently delayed because the debtors had sold substantially all of their assets during the chapter 11 case, and the debtors' books and records had been transferred to and were in the possession of the purchaser.

In the meantime, the deadline to file WARN Act claims had been extended by stipulation to September 30, 2012. On September 25, 2012, plaintiff's counsel sent a proposed stipulation to defendant's counsel extending the bar date for an additional sixty days to complete the investigation and resolution of the adversary proceeding. The request was referred to counsel for the Official Committee of Unsecured Creditors (the "Committee"), Bruce Buechler, Esq., who would assume the defense of the adversary proceeding following the confirmation of the plan.

The parties exchanged several e-mails on September 28, 2012. Mr. Buechler was hesitant to agree to the extension. Plaintiff's counsel stated that "[s]ome courts prefer or require that a motion for class certification be filed prior to the close of the bar date," and the plaintiff "would need to file our motion this weekend if we cannot agree to extend the stip." (*Certification of Bruce Buechler, Esq. in Further Support of Defendant's Motion to Dismiss the Adversary Proceeding*, dated Dec. 11, 2012, Ex. B, email time-stamped 3:39 p.m. (ECF Doc. #

3

22).) The Committee eventually agreed to a two-week extension of the bar date to October 12, 2012, and plaintiff's counsel responded that the two-week extension was acceptable.

The debtors confirmed their plan on October 10, 2012. The plan established a liquidating trust (the "Trust"), and the Trust was deemed to be substituted for the debtor as the defendant in this adversary proceeding. Committee counsel assumed the defense of the adversary proceeding, although a formal substitution was not filed until November 1, 2012.

On October 12, 2012, plaintiff's counsel sent a redlined stipulation that proposed to extend the WARN Act claims bar date until October 26. On October 15, 2012, defendant's counsel responded that he did not understand the need for another stipulation since the plaintiff had filed a class proof of claim on September 28, 2012. Ultimately, no stipulation was signed.

The defendant filed this motion for sanctions on November 7, 2012, and one month later, on December 6, 2012, the plaintiff filed her motion to certify the class.

## DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure ("Civil Rules"), made applicable in this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure, authorizes a court to enter one or more scheduling orders to expedite the disposition of the action, control the case, discourage wasteful activities, improve trial preparation, and facilitate settlement. *See* FED. R. CIV. P. 16(a), 16(b). If a party or its attorney fails to obey a scheduling or other pretrial order, the court may issue any just orders, including those authorized under Civil Rule 37(b)(2)(A)(ii)-(vii). FED. R. CIV. P. 16(f)(1). "Instead or in addition to any other sanction, the court *must* order the party, its attorney, or both, to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2) (emphasis added).  While the decision whether to impose a sanction is committed to the court's discretion, *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993), monetary sanctions are presumptively appropriate under Civil Rule 16(f)(2), *see* 3 DANIEL R. COQUILLETTE, ET AL., MOORE'S FEDERAL PRACTICE §16.91[2][b], at 16-235 to 16-236 (3rd ed. 2012) ("MOORE'S"), and neither bad faith nor prejudice are required.  *Id.* §16.91[3], [4], at 16-236 to 16-237.

Here, the plaintiff's noncompliance with the *Scheduling Order* is obvious.  The *Scheduling Order* required the plaintiff to file her class certification motion by October 12, 2012.  She did not.  While her counsel diligently sought information to identify the scope of the putative class and extend the bar date for filing the WARN Act claims, counsel never sought to modify or extend the deadline for the class certification motion.  For some reason counsel equated the bar date with the deadline for filing the class certification motion, but the two were separate.  The *Scheduling Order* imposed a deadline for the latter but did not mention the former.  Furthermore, it required a written motion and a showing of good cause to change the motion deadline; an exchange of emails between counsel was not sufficient.  The plaintiff never sought to modify the deadline, and did not make a class certification motion until nearly two months later, and one month after the defendant moved for sanctions.  To date, she has not offered an acceptable excuse for ignoring the *Scheduling Order*.  The *Scheduling Order*, which was drafted by the parties' attorneys, expressly authorized sanctions against the disobedient party and, accordingly, sanctions are justified.

The nature of the sanction presents a more difficult question.  Although a party can be forced to bear responsibility for her attorney's actions, *see Link v. Wabash RR. Co.*, 370 U.S.

5

626, 633-34 (1962), the disobedience in this case was solely the result of the attorney's conduct, and the attorney should bear the brunt of the sanction. *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged."), *cert. denied*, 471 U.S. 1014 (1985); *see generally* 3 MOORE'S § 16.92[2], at 16-241. The dismissal of the adversary proceeding or even the denial of the motion to certify the class would fall primarily on the plaintiff and the class and, for that reason, would be too drastic.

Instead, the Court will award the Trust its reasonable expenses, including attorneys' fees, incurred in making the motion for sanctions, and direct plaintiff's counsel to pay them. The conduct of plaintiff's counsel was not substantially justified given the unambiguous terms of the *Scheduling Order*, which included the admonition regarding sanctions, and an award would not be unjust. While plaintiff's counsel's disobedience of the *Scheduling Order* appears to be the product of negligence rather than willfulness, and is an isolated incident, the defendant was fully justified in making the motion for sanctions. The Trust incurred fees and expenses, and if plaintiff's counsel does not pay them, the creditors of the estate will have to bear them. In this zero-sum game, that will mean a smaller distribution to those creditors.

Accordingly, the motion for sanctions is granted to the extent of requiring plaintiff's counsel to reimburse the Trust for its reasonable expenses, including attorneys' fees, incurred in making and presenting the motion for sanctions. The motion is otherwise denied. The defendant is directed to file an application for fees and reimbursement of expenses, in accordance with the Court's fee application guidelines, within 21 days of the date of this order. Plaintiff's counsel will have 21 days to file any objections. At the conclusion of the submission schedule, the Court

will reserve decision.  Plaintiff's counsel should contact chambers to schedule a return date for the class certification motion.

So ordered.

Dated: New York, New York
February 1, 2013

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge